**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Casey Jenkins, #349382      )<br>                             )<br>            Petitioner,  )<br>                             )<br>                             )<br>       v.                    )<br>                             )<br>John R. Pate,                )<br>                             )<br>            Respondent.   )<br>_____) | Civil Action No.: 5:15-cv-02241-JMC<br><br><br>**ORDER AND OPINION** |

Petitioner Casey Jenkins ("Petitioner") filed this *pro se* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of plea counsel, prosecutorial misconduct, and an involuntary plea. (ECF No. 1.) Respondent John R. Pate ("Respondent") filed a Return (ECF No. 37) and moved for Summary Judgment on Petitioner's claims. (ECF No. 38.) Petitioner responded by filing a Motion for Summary Judgment. (ECF No. 52.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Kaymani D. West for pre-trial handling. On May 26, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment (ECF No. 38), deny Petitioner's Motion for Summary Judgment (ECF No. 52), and deny the Petition. (ECF No. 1.) This review considers Plaintiff's Objections to the Report ("Objections") filed July 15, 2016. (ECF No. 71.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** this Petition (ECF No. 1) with prejudice.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Petitioner's Objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

On September 10, 2008, Petitioner was charged by the grand jury in Berkeley County with trafficking in cocaine in excess of 200 grams. (ECF No. 37-1 at 73.) On January 18, 2012, Petitioner, represented by Attorney J. Mitchell Lanier ("plea counsel"), appeared in General Sessions Court to enter a guilty plea to a lesser-included offense of the charged crime (trafficking in cocaine twenty-eight to one hundred grams, first offense).[1] (*Id*. at 4.) Both Petitioner and plea counsel indicated that they agreed with the plea. (*Id*. at 6.) Petitioner stated he was satisfied with plea counsel's representation, and plea counsel said that he had fully investigated the matter and had shared the results of his investigation with Petitioner. (*Id*. at 6-7.) Petitioner agreed that the plea was in his best interest. (*Id*.)  Plea counsel did not object during Solicitor's soliloquy when Solicitor mentioned recorded calls made between a confidential informant and Petitioner. (*Id*. at 9.) Though Petitioner expressed concern about corruption within the ranks of the police officers, Petitioner stated that he "accepted responsibility." (*Id*. at 15.) The court sentenced Petitioner to eight years in prison. (*Id*. at 17.)

Petitioner filed a post-conviction relief ("PCR") application on July 17, 2012, raising multiple issues, including ineffective assistance of counsel ("IAC"), and due process violations. (*Id*. at 21.)  After Petitioner submitted multiple amendments and motions, and Respondent filed its

---

[1] The original charge of trafficking in cocaine in excess of 200 grams carried a potential mandatory twenty-five year sentence. (ECF No. 37-1 at 4.)

2

Return, an evidentiary hearing on Petitioner's PCR application was convened in Charleston on January 13, 2014, before the Honorable Kristi Lea Harrington ("PCR Judge"). (*Id*. at 76.) In an Order dated February 28, 2014, the PCR Judge denied Petitioner's PCR application and dismissed the case with prejudice. (*Id*. at 121-22.) No post-hearing motions were filed. The PCR counsel for Petitioner filed a Notice of Appeal on March 10, 2014. (ECF No. 37-3.) On October 29, 2014, a Writ of Certiorari to the South Carolina Supreme Court was filed on Petitioner's behalf. (ECF No. 37-4.) The South Carolina Supreme Court denied the petition for certiorari without making specific findings on any of Petitioner's issues (ECF No. 37-6), and issued the Remittitur on March 20, 2015. (ECF No. 37-7.) On May 26, 2015, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1-3.) This court accepts that Petitioner has exhausted his state-court remedies prior to seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254.

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must

weigh all evidence and draw all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

### III.     DISCUSSION

Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation on July 15, 2016.[2] (ECF No. 71.) However, though Petitioner outlines his objections in great detail, reiterating each of the five grounds[3] brought up in his Petition and in the Report, very little new information is brought to this court's attention that was not sufficiently addressed by the Magistrate's Report. The new information that Petitioner does present in his Objections mostly revolve around claims relating to IAC.

Petitioner argues that the Magistrate Judge erred by concluding his IAC claims regarding plea counsel's handling of an audio tape were without merit. In support of his claim, Petitioner submits a July 1, 2013 letter written by Attorney George B. Bishop Jr., ("Attorney Bishop") to Petitioner. (ECF No. 71-1.) The letter references the audio tape and Petitioner's plea counsel. (*Id*.) Unfortunately for Petitioner, the letter itself falls outside the federal court's habeas review under § 2254(d)(1). The Court in *Cullen v. Pinholster* found that the district court should not have considered additional evidence that had not been available to the state courts, because the federal habeas scheme "leaves primary responsibility with the state courts," and that to permit new evidence in a federal habeas court "would be contrary to that purpose." 563 U.S. 170, 181 (2011). The letter is not found anywhere in the state proceedings record, and thus should be considered new evidence that was not available to the state courts.

---

[2] Though Petitioner's Objections were due July 12, 2016 pursuant to Text Order (ECF No. 68), a *pro se* prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Thus, the Objections filed with this court are still considered timely.

[3] A summary of the five grounds listed in the habeas petition, Report, and Objections are as follows: (1) ineffective assistance of plea counsel; (2) prosecutorial misconduct (*Brady* violation); (3) involuntary plea without access to tape; (4) guilty plea was involuntary because plea counsel did not suppress certain issues (there was lack of probable cause for warrant): (5) due process violations due to prosecutorial misconduct.

However, even if one assumes that applying *Pinholster* to Attorney Bishop's letter would be an "unreasonable" application of federal law, and thus violate § 2254(d)(1), the letter would still not be enough to prove IAC. In order to assert IAC under *Strickland*, the defendant must first prove that plea counsel's performance was deficient using a "reasonableness under prevailing professional norms" standard. Second, plea counsel's deficient performance must have prejudiced the defendant to such a degree that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). Here, Petitioner argues that Attorney Bishop's letter is an affidavit that proves Petitioner's voice is not on the audio tape, and thus Petitioner's plea counsel was ineffective for being "gross[ly]" misinformed about the audio tape's content. (ECF No. 71 at 3.) Petitioner asserts that this letter proves the audio tape is exculpatory evidence, contrary to what the Magistrate Judge concludes in the Report.[4] Excluding exculpatory evidence could be enough to prove counsel's performance was deficient and prejudicial.

However, Attorney Bishop's letter, rather than affirmatively stating Petitioner was not on the audio tape, simply says, "…Mr. Lanier's [plea counsel] assertion that you could be heard on it [audio tape] when that is likely not the case." (ECF No. 71-1.) There is no evidence that Attorney Bishop listened to the audio tape; no proof that plea counsel violated professional norms. Besides the letter's lack of an affirmative statement, the letter also should not be considered a sworn declaration or affidavit by Attorney Bishop.[5] Furthermore, though Petitioner asserts that Respondent's "entire case [is based solely] around the testimony of police officers" (ECF No. 71 at 14), Petitioner also gave a *Mirandized* confession to police, and drugs were found at the scene.

---

[4] Magistrate Judge asserted that "[p]etitioner has also failed to show prejudice from any failure to review it [the tape] because there is no evidence in the record, other than Petitioner's self-serving testimony, that the tape was exculpatory." (ECF No. 65 at 35.)

[5] Letter does not contain language from either section of 28 U.S.C. § 1746.

(ECF No. 31-1 at 104.) Even if the audio tape was available, it would not be considered exculpatory. Therefore, despite the potentially suggestive language in the letter, plea counsel's performance does not fall under *Strickland*. No "fundamental miscarriage of justice" would occur by excluding the letter from consideration. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *see Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). Petitioner has failed to overcome the presumption of effectiveness. The Magistrate Judge's conclusion that plea counsel acted within professional norms and was not prejudicial is reasonable.

Petitioner also asserts that the Magistrate Judge incorrectly held that Petitioner's plea was voluntary. Petitioner states his plea should be considered involuntary, in part, because "counsel intentionally misinformed him about the audiotape" (ECF No. 71 at 11), and that his confession was obtained by "unlawful acts." (*Id*. at 14.) Petitioner's objection that plea counsel intentionally misinformed him should be viewed with skepticism. Though Petitioner originally said the record showed plea counsel did not receive and review the audio tape (ECF No. 53 at 11), in his Objections, Petitioner gives alternating explanations, stating that "[plea counsel] did not receive [the audiotape]" (ECF No. 71 at 4), that plea counsel "intentionally misinformed him," (*Id*. at 11), and that "[plea counsel] heard the audiotape and I [Petitioner] am heard on the audiotape." (*Id* at 12.) Petitioner's assertion about an "unlawfully" obtained confession should likewise be viewed through a critical lens. Nowhere in the state proceedings record does Petitioner state that his *Miranda* confession was coerced. Therefore, the court accepts the Magistrate Judge's recommendation that the Petitioner's plea was voluntary.

## IV.   CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 65) of the Magistrate Judge, incorporating

7

it by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 38) is **GRANTED**, Petitioner's Motion for Summary Judgment (ECF No. 52) is **DENIED**, and Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1-3) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 29, 2016
Columbia, South Carolina